IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


ZAHNER HANSEN CONSTRUCTION     )
GROUP, INC.     )
     ) NO. 3-14-1067
v.     ) JUDGE CAMPBELL
     )
HOTWIRE ELECTRIC, INC., et al.     )


MEMORANDUM


Pending before the Court are Defendant Darryl Carron's Motion to Dismiss (Docket No. 9) and Plaintiff's Motion to Remand (Docket No. 15). For the reasons stated herein, Plaintiff's Motion to Remand is DENIED, and Defendant Carron's Motion to Dismiss is DENIED.

FACTS

Plaintiff brought this action for fraud and breach of contract in state court in Williamson County, Tennessee. Plaintiff alleges that it was the prime contractor on three construction projects (two in Missouri and one in Kansas) for which Defendant Hotwire Electric was the electrical subcontractor. Plaintiff contends that Defendant Hotwire breached its obligations under each of the three subcontracts. Plaintiff avers that Defendant Carron is the President and CEO of Defendant Hotwire and that Defendant Carron made false and fraudulent material misrepresentations concerning the performance of Defendant Hotwire's obligations under the subcontracts.

Defendants removed the action to this Court, based upon diversity of citizenship, and Plaintiff now seeks to have the case remanded. Defendant Carron has filed a Motion to Dismiss, arguing that this Court lacks personal jurisdiction over him.

# MOTION TO REMAND

Plaintiff argues that a forum selection clause in each of the three contracts at issue requires that this action be remanded to state court in Williamson County, Tennessee. That provision states:

> All other claims, causes of action, disputes or other matters in question which are not eligible for or subject to arbitration or dispute resolution under the Main Contract shall be resolved by litigation. The exclusive forum for and venue of such litigation shall be in Superior Court, in the state and city noted as the Contractor's office address on page one of this Subcontract.

Docket No. 1-2, p. 26 ,¶ T.1.(c). The state and city noted as Plaintiff's office address on page one of the subcontracts is Brentwood (Williamson County), Tennessee. *Id*., p. 17. The subcontracts also provide that they shall be interpreted under the laws of the state of Missouri. *Id*., p. 27 (¶ U.2).

Plaintiff argues that Defendants have waived their right to remove this action by agreeing to the forum-selection clause stated above. Defendants maintain that they did not waive their right to remove this action to federal court.

The right to removal is a statutory right. 28 U.S.C. § 1441. A forum-selection clause can act as a waiver of a defendant's right to remove an action to federal court, but such a waiver must be clear and unequivocal. *Crane Construction Co. v. JKC Construction, Inc.*, 793 F.Supp.2d 1104, 1106 (W.D. Mo. 2010); *Regis Associates v. Rank Hotels (Mgmt.), Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990); *France v. CSX Transportation, Inc.*, 2012 WL 2887160 at * 1 (E.D. Tenn. July 13, 2012). Whether a clear and unequivocal waiver of removal rights exists depends on the language of the specific clause at issue. *Crane*, 793 F.Supp.2d at 1106.

Here, the contract language indicates that the *exclusive* forum and venue for litigation *shall be* in the "Superior Court" of Brentwood, Tennessee. The words "exclusive" and "shall be" indicate an intent that litigation may be brought *only* in such court, which weighs in favor of finding a waiver.

On the other hand, the words "Superior Court" are vague and ambiguous because, unlike some states, Tennessee does not have "Superior Courts," so there *is* no Superior Court in Williamson County, Tennessee. In other words, the specifically prescribed court does not exist. Not only are there state courts in Williamson County, Tennessee, but this Court is the federal court for the state and city of Plaintiff's office address.

The Court finds that this language, because of its ambiguity, is not sufficiently clear and unequivocal to create a waiver of Defendants' right to removal. Therefore, Plaintiff's Motion to Remand is denied.

## MOTION TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Plaintiff has the burden of establishing that personal jurisdiction over the Defendant exists in this case. *Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012). When the Court rules on written submissions alone, as it will here, the burden consists of a *prima facie* showing that personal jurisdiction exists. *Id*. In examining whether Plaintiff has made this *prima facie* showing, the Court is to construe the facts presented in the light most favorable to the Plaintiff, and the Court does not weigh or consider the conflicting facts presented by the other side. *Bird v. Parsons,* 289 F.3d 865, 871 (6th Cir. 2002); *Encore Medical, LP* v. *Kennedy*, 861 F.Supp. 2d 886, 890 (E.D. Tenn. 2012). If the parties present conflicting facts, the Court does not consider facts proffered by the Defendant that conflict with those offered by the Plaintiff. *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360-61 (6th Cir. 2008); *Bertazzon America, LLC v. McDonagh*, 2013 WL 6048184 at * 3 (M.D. Tenn. Nov. 14, 2013).

To determine whether a plaintiff's exercise of jurisdiction satisfies due process, the Sixth Circuit applies a three-part specific[1] jurisdiction test. The plaintiff must establish that: (1) the defendant purposefully availed itself of the privilege of acting in Tennessee or causing a consequence in Tennessee; (2) the cause of action arose from the defendant's activities here; and (3) the acts of the defendant or consequences caused by the defendant have a substantial enough connection with Tennessee to make the exercise of jurisdiction over the defendant reasonable. *Cupp v. Alberto-Culver USA, Inc.,* 308 F.Supp.2d 873, 877-78 (W.D. Tenn. 2004).

Defendant Carron argues that Plaintiff's Complaint does not articulate any acts allegedly committed by Carron in Tennessee. Yet Counts I, III, and V of the Complaint are based solely on the allegation that Defendant Carron made material false representations to Plaintiff in Tennessee concerning Defendant Hotwire's obtaining payment and performance bonds. The Complaint does not simply rely on the forum-selection clause in asserting personal jurisdiction over Defendant Carron. Plaintiff contends that Defendant Carron is guilty of fraud and fraudulent misrepresentations in Tennessee.

The Court agrees that Defendant Carron cannot be subject to this Court's jurisdiction simply because he signed the contracts with Plaintiff. He signed the contracts as President and CEO for Defendant Hotwire Electric, not in an individual capacity. But Defendant Carron is not sued for breach of contract; he is sued for tortious and fraudulent misrepresentations.

---

[1]     Specific jurisdiction subjects the defendant to suit in the forum only on claims that arise out of or relate to that defendant's contacts with the forum. General jurisdiction, on the other hand, arises when a defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims. *Aristech Chemical Int'l LTD v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir. 1998). Plaintiff does not argue that Defendant had continuous and systematic contacts with Tennessee.

The Court finds that Plaintiff has sufficiently alleged that Defendant Carron purposefully availed himself of the privilege of acting in Tennessee or causing a consequence in Tennessee; that this cause of action arose, at least in part, from Defendant Carron's alleged fraudulent misrepresentations here; and that the alleged acts of Defendant Carron and alleged consequences thereof have a substantial enough connection with Tennessee to make the exercise of jurisdiction over Defendant Carron reasonable. For these reasons, Defendant Carron's Motion to Dismiss is denied.

CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Remand is DENIED, and Defendant Carron's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE